UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**THE NEW YORK STATE REPUBLICAN COMMITTEE;
JOSEPH MONDELLO IN HIS CAPACITY AS CHAIRMAN
OF THE NEW YORK STATE REPUBLICAN COMMITTEE;
ROBERT J. MATTHEWS;**

<em>Plaintiffs,</em>

-*against*-

**THE NEW YORK STATE BOARD OF ELECTIONS;
ALICE KRYZAN; JON POWERS;
THE WORKING FAMILIES PARTY;
DANIEL CANTOR IN HIS CAPACITY AS
EXECUTIVE DIRECTOR OF THE
WORKING FAMILIES PARTY,**

<em>Defendants.</em>

**COMPLAINT**

Index No.

---

As and for a Complaint, Plaintiffs The New York State Republican Committee and Joseph Mondello, in his capacity as Chairman of the New York State Republican Committee, by and through their attorneys, Hiscock & Barclay, LLP and Plaintiff Robert J. Matthews, by and through his attorneys, DerOhannesian & DerOhannesian, herein allege the following:

<strong><u>INTRODUCTION</u></strong>

This proceeding involves the designation/nomination of the candidate for the Working Families Party for the public office of Representative in the United States Congress, 26th Congressional District, State of New York.

## PARTIES

1.      Plaintiff Robert J. Matthews, at all times herein relevant, resides at 94 Northwood Drive, Rochester, County of Monroe, State of New York.   Mr. Matthews resides in the 26th Congressional District of New York and is a registered voter.

2.      Plaintiff Robert J. Matthews is a registered voter who has voted by absentee ballot and represents the class of all those voters receiving absentee ballots for the 26th Congressional race.

3.      Plaintiff New York State Republican Committee is a political party formed under New York's Election Law and is conducting general elections as an agent of the state.

4.      Plaintiff Joseph Mondello is the Chairman of the New York State Republican Committee and is a registered voter in the State of New York.

5.      Defendant New York State Board of Elections is charged by the New York State Election Law with the administration of the elections in the State of New York.   Such duties include processing objections to candidates for Congressional office and certifying a Party's candidate for Congressional office.

6.      Defendant Alice Kryzan is a Democrat Party candidate for the Public Office of Member of the United States House of Representatives from the 26th Congressional District of New York.

7.      Defendant Jon Powers is a Working Families Party candidate for the Public Office of Member of the United States House of Representatives from the 26th Congressional District of New York.

8.      Defendant Working Families Party is a political party formed under New York's Election Law and is conducting general elections as an agent of the State.

9.    Defendant Daniel Cantor is the Executive Director of the Working Families Party and is a registered voter in the State of New York.

## JURISDICTION AND VENUE

10.    Plaintiffs bring a civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivations of Plaintiffs' rights secured by the Fourteenth Amendment to the United States Constitution.

11.    Plaintiffs Robert J. Matthews and Barbara Lupica bring this action pursuant to 42 U.S.C. §1983 and §1988 for deprivations of Plaintiffs' rights secured by the Fourteenth Amendment to the United States Constitution on their behalf and on the behalf of all other voters similarly situated.

12.    Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court of all suits brought pursuant to 42 U.S.C. §1983.

13.    Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action arises under the Constitution and laws of the United States.

14.    Venue properly lies in the Western District of New York pursuant to 28 U.S.C. §1391 in that Defendants Kryzan and Powers reside in this Federal District and Defendant New York State Board of Elections carries out its duties in the Western District of New York. Venue is also proper in that Plaintiffs Robert J. Mathews and Barbara Lupica reside in the Western District of New York.

## STANDING

15.     If permitted to violate the New York Election Law and United States Constitution by declaring Powers ineligible and replacing him on the ballot, Plaintiff New York State Republican Committee will be irreparably injured in that:

      a.     Plaintiff will be injured by the substitution of a candidate who has not campaigned on that party's line by a candidate who has had the opportunity to campaign;

      b.     Plaintiff will be injured by campaigning against an opponent who is not qualified to be designated as a candidate;

      c.     Plaintiff will be injured in its election prospects because not only will its congressional candidate's chances of victory be reduced as well as its other candidates, it will suffer the effect of diminished powers should its candidate lose; and

      d.     Plaintiff's party members will be injured, and Plaintiff has associational standing to redress this injury, because their ability to participate in the general election on the same footing as voters of the Democrat party will be compromised, and their votes diluted, if the Democratic candidate is permitted to reap the unfair advantage to be gained by illegally and belatedly having the Working Families Party candidate substituting the Democratic Party candidate as its candidate, able and willing to campaign and serve for one who has publicly declared he will not campaign.

16.     Plaintiff Robert J. Matthews and voters similarly situated have standing, as voters in the 26th Congressional District, because if Powers is replaced by Kryzan on the ballot and they will be irreparably injured:

    a.    By not being permitted to have his challenge to the upholding of the Qualifications Clause reviewed;

    b.    By not having the opportunity to vote for a qualified candidate of his choice.

## FACTS

17.     On or about July 9, 2008, defendant Jon Powers filed petitions for the Working Families Party nomination and was designated by the party as its candidate for nomination for the public office of Representative in the United States Congress, 26th Congressional District, State of New York in the primary election held on September 9, 2008.

18.     New York's 26th Congressional District is located in Western New York State and encompasses parts of Erie, Monroe, Orleans and Niagara counties, and all of Genesee, Livingston and Wyoming counties.  There are approximately 654,000 residents in the district. As of March 1, 2008, there were approximately 440,000 registered voters, of whom approximately 1,603 are enrolled in the Working Families Party.

19.     In that primary election, Powers also sought the Democratic Party nomination but lost that ballot line.

20.     Christopher Lee is a Republican candidate for the Public Office of Member of the United States House of Representatives from the 26th Congressional District of New York.

21.     On September 29, 2008, defendant New York State Board of Elections certified

the ballot for the 26th Congressional District naming Powers as the nominee for the Working

Families Party.

22.     On October 10, 2008, the New York State Board of Elections received a letter

from defendant Powers which informed the Board that he had moved to the District of Columbia

and had registered to vote there, and as such was no longer a resident of New York. Defendant

Powers attached copies of his District of Columbia Driver's License and a lease, with a term

running through October 9, 2009, for his new residence, *see* Exhibit "A" annexed hereto.

23.     In a subsequent notarized letter, defendant Powers further claimed that "I am not

now an inhabitant of the State of New York; I will not be an inhabitant of the State of New York

on Election Day; I will not be an inhabitant of the State of New York on January 1, 2009." *See*

Exhibit "B" annexed hereto.

24.     Upon information and belief, defendant Powers had not even left Buffalo, New

York when he mailed his letter to the New York State Board of Elections declaring he was no

longer a New York resident.

25.     News reports in the 26th Congressional District reflect that even as defendant

Powers represented to the Courts that he did not inhabit New York State, and was an inhabitant

of the District of Columbia, he was visiting the 26th Congressional District of New York as he

campaigned for Democratic candidate Kryzan.[1]

---

[1] *See*, The Batavian, http://www.thebatavian.com/blogs/philipanselmo/kryzan-and-powers-tour-26th/2694; The
Rochester City Newspaper, http://rochestercitynewspaper.com/news/articles/2008/10/POLITICS-Powers-backs-
Kryzan; The Rochester Democrat and Chronicle Newspaper,
http://www.democratandchronicle.com/article/20081024/NEWS01/810240355/1002NEWS; WXXI, Public
Broadcasting, Article,
http://www.publicbroadcasting.net/wxxi/news.newsmain?action=article&ARTICLE_ID=1400133&sectionID=1;
The Buffalo News, www.buffalonews.com/494/story/476354.html; The Rochester Homepage,
http://rochesterhomepage.net/content/fulltext/?cid=42691

26.     As a result, the Working Families Party convened a meeting pursuant to its rules to fill the alleged vacancy caused by the alleged disqualification of Powers.  Said meeting was convened and held on October 10, 2008, at which Kryzan was nominated to fill the vacancy. Subsequently, Kryzan consented to accepting the designation/ nomination of the Working Families Party.  Annexed hereto as Exhibit "C" is a copy of the Certification of Nomination and Authorization to fill a vacancy and the candidate's consent, which were filed at the New York State Board of Elections on October 14, 2008.

27.     On October 17, 2008, several individuals including Donald Scott McCulloch, Barbara Lupica, Robert J. Matthews, Emily C. Wittlinger, Dorothy J. Merrill and Daralee McCulloch (hereinafter "Objectors") timely filed with the New York State Board of Elections and served upon Kryzan, with proof of service filed with the New York State Board of Elections, general and specific objections to the substitution of Powers by Kryzan by the Working Families Party.  The objections to the substitution were based upon the fact that as a matter of law there is no vacancy in nomination pursuant to Texas Democratic Party v. Berkiser, 459 F.3d 582 (5th Cir. 2006).

28.     The Objectors were never parties in the State Court action.

29.     Neither plaintiff Robert J. Matthews nor plaintiff Barbara Lupica, nor any member of their class, were parties in the State Court action.

30.     The New York State Board of Elections never ruled on the objections filed by the Objectors.

31.     The Objectors never had the opportunity to have administratively determined or litigated their objections to the substitution of Powers by Kryzan.

32.    Defendant Kryzan did not act upon these objections and allowed the statute of limitations on the certificate to expire on October 24, 2008.

33.    On October 17, 2008, the New York State Board of Elections advised Powers that "There is not an unanimous opinion that a vacancy exists based upon your disqualification." *See* Exhibit "D" annexed hereto.

34.    By Petition and Order to Show Cause filed in Albany County Supreme Court and signed on October 17, 2008, Alice Kryzan, Jon Powers, Daniel Cantor and Sam Williams sought to disqualify Powers as a candidate for the 26th Congressional District.

35.    Such proceeding sought to compel the court to recognize the vacancy in the Working Families Party nomination and to then validate the certificate of nomination naming Kryzan as the candidate for the Working Families Party.

36.    On October 22, 2008, Christopher Lee filed and served a motion to dismiss the proceedings on the basis of failure to name necessary parties, failure to state a cause of action and a violation of the statute of limitations.

37.    Presiding Justice of the Albany County Supreme Court, the Hon. Kimberly O'Connor, granted Lee's motion to dismiss the petition finding that the proceeding was time-barred, that necessary parties had not been joined and that petitioners had failed to state a cause of action. Attached Exhibit "E" annexed hereto.

38.    Thereafter on October 28, 2008, Kryzan served a notice of appeal and on October 29, 2008, the Appellate Division dismissed the appeal without prejudice upon the ground that the order appealed from had not yet been entered (___ AD3d ____, 2008 NY Slip Op 08200 [Oct. 29, 2008]). Attached Exhibit "F" annexed hereto.

39.     After filing a notice of entry of the Supreme Court's order on October 30, 2008, petitioners sought to vacate the October 29, 2008, order and consider the case on the merits.

40.     The Appellate Division, Third Department found in favor of the petitioners, concluding that Powers was disqualified as a candidate due to his lack of residency in the state and that the Board of Elections was obliged to accept the Working Families Party's Certificate of Nomination and Authorization naming Kryzan as their candidate.

41.     Candidate Christopher Lee's application for an Order to Show Cause to file a motion for leave to appeal to the Court of Appeals was denied on October 31, 2008. Therefore, candidate Lee exhausted all state remedies.

42.     Upon information and belief, the Board of Elections has instructed the Boards of Elections in the various counties in the 26th Congressional District to change the ballot to substitute Kryzan in place of Powers as the candidate of the Working Families Party.

43.     Upon information and belief, absentee ballots have already been sent to voters by the various Board of Elections in the 26th Congressional District, identifying Jon Powers as candidate of the Working Families Party for the 26th Congressional District in the general election to be held on November 4, 2008.

44.     Upon information and belief, the various Boards of Elections in the 26th Congressional District will not be able to reprogram all of their voting machines to reflect the substitution of Kryzan for Powers in the 26th Congressional District.

45.     Upon information and belief, absentee ballots have already been distributed, including military ballots.   To permit the removal of candidate Powers from the 26th Congressional district race would disenfranchise those in the military or others who voted by absentee ballot for Powers on the Working Families Party line.

46.     Absentee and military voters relied on the Board's decision to issue them a ballot with candidate Powers' name as candidate for the Working Families Party in the 26th Congressional District and, therefore, believed they could vote by absentee ballot.

47.     Article I, §2 of the U.S. Constitution sets forth the exclusive list of qualifications to serve as a member of the House of Representatives: "No person shall be a Representative who shall not have attained the age of twenty five years, and been seven years a Citizen of the United States, and who shall not, *when elected*, be an Inhabitant of the State in which he shall be chosen." U.S. Const. art. I, §2 (emphasis added).

48.     Article I, §5 of the Constitution provides that "[e]ach House [of the Congress] shall be the Judge of the Elections, Returns and Qualifications of its own members." U.S. Const. art. I, §5.   Thus, only the U.S. House of Representatives have the constitutional authority to determine Power's or any other candidate's eligibility for the office of United States representative.

49.     The documentation provided by defendant Powers to the Board of Elections, that is, a District of Columbia Driver's License and residential lease, do not conclusively establish that defendant Powers will not be a resident on Election Day.

50.     Defendant Powers's purported intentional move to the District of Columbia prior to the election cannot establish the ineligibility to serve as representative of 26th Congressional District, because such a move would not preclude defendant Powers from being an inhabitant of New York *when elected*.

51.     Moreover, defendant Powers's presence in New York and in the 26th Congressional District the week before Election Day suggests fact he is either a resident of New York or intends to be a resident of New York on Election Day.

## FIRST CAUSE OF ACTION

52.     Plaintiffs repeat and reallege all the proceedings paragraphs "1" to "52" as if fully set forth herein.

53.     New York State Election Law §6-122 purports to state the requirements for nomination and election for public office in the State of New York.

54.     In relevant part, Election Law §6-122 states that: "A person shall not be designated or nominated for a public office or party position who (1) is not a citizen of the state of New York … ."

55.     The New York State Board of Elections, by ordering the various Boards of Elections of the counties in the 26th Congressional District to change the ballot to substitute Kryzan in place of Powers as the candidate of the Working Families Party, applied Election Law §6-122.

56.     As applied by the New York State Board of Elections, Election Law §6-122 violated and conflicts with the Qualifications Clause of the U.S. CONST. art. 1, §2, cl. 2.

57.     By reason of the foregoing, the New York State Board of Elections' aforesaid actions are unconstitutional and should be enjoined.

## SECOND CAUSE OF ACTION

58.     Plaintiffs repeat and reallege all the proceedings paragraphs "1" to "58" as if fully set forth herein.

59.     Defendant New York State Board of Elections issued to plaintiff Robert J. Matthews and similarly situated voters class absentee ballots for the 26th Congressional District race.

60.     Plaintiff Robert J. Matthews and similarly situated voters were reasonably led to believe that their vote would count by following the instructions of the Board of Elections.

61.     Defendant New York State Board of Elections will not count the absentee ballots of those voters who voted for Powers unless this Court intervenes.

62.     By not counting the absentee ballots for those individuals who voted for Powers in the 26th Congressional District, the New York State Board of Elections has violated Due Process of Law and the Equal Protections guaranteed to them as citizens of New York by the 14th Amendment of the United States Constitution.

63.     Plaintiffs respectfully request a non-jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant them the following relief:

a.     A declaration that Powers may not be administratively declared ineligible by the New York State Board of Elections to serve as a candidate for the Working Families Party in the 26th Congressional District and hence must remain on the November 4, 2008, ballot;

b.     An order permanently enjoining the New York State Board of Elections, or anyone acting on its behalf or at its direction, from declaring, or purporting to declare, Powers to be ineligible to serve as a representative of the 26th Congressional District or ineligible to continue as a candidate for such position in the 2008 general election;

c.      An order permanently enjoining the New York State Board of Elections from certifying any candidate other than Powers to appear on the ballot in the November 4, 2008, general election as Working Families Party nominee for the 26th Congressional District;

d.      A Writ of Mandamus compelling the New York State Board of Elections to comply with its legal obligation not to declare Powers ineligible to serve as a representative of the 26th Congressional District or to continue as a candidate for the position in the November 4, 2008, election;

e.      A Writ of Mandamus compelling Defendant Cantor to comply with his legal obligation not to certify or propose any candidate other than Powers to appear on the ballot in the November 4, 2008, general election as Working Families Party nominee for the 26th Congressional District;

f.      An order enjoining the New York State Board of Elections from certifying a winner in the election for the 26th Congressional District until the Court decides this action;

g.      Awarding Plaintiffs nominal damages in the amount of $1.00;

h.      Awarding Plaintiffs the cost of prosecuting this action together with attorneys fees pursuant to 42 U.S.C. §1988; and

i.      Granting such other and further relief as this Court may deem just and proper.

**DATED:**     October 31, 2008

Respectfully submitted,

**HISCOCK & BARCLAY, LLP**

By:  s/Thomas F. Knab
                Thomas F. Knab

*Attorneys for Plaintiffs, The New York State
Republican Committee and Joseph
Mondello, in his capacity as Chairman of
the New York State Republican Committee*
1100 M&T Center
Three Fountain Plaza
Buffalo, New York 14202
Telephone: (716) 566-1300

and

**DerOhannesian & DerOhannesian**

By:s/Paul DerOhannesian II, Esq.
            Paul DerOhannesian II, Esq.
            Bar Roll No.: 104792

*Attorney for Plaintiffs,
Robert J. Matthews and Barbara Lupica*
677 Broadway
Albany, New York 12207
Telephone: (518) 465-6420

# EXHIBIT A



James A. Walsh
Co-Chair
Douglas A Kellner
Co-Chair
Gregory P. Peterson
Commissioner
Evelyn J. Aquila
Commissioner

State of New York
**STATE BOARD OF ELECTIONS**

40 STEUBEN STREET
ALBANY, N.Y. 12207-2108
Phone: 518-474-6367   Fax: 518-486-4546
www.elections.state.ny.us

Stanley L. Zalen
Co-Executive Director
Todd D. Valentine
Co-Executive Director
Kimberly A. Galvin
Special Counsel
Paul M. Collins
Deputy Counsel

STATE OF NEW YORK                    )
STATE BOARD OF ELECTIONS   ) ss:

It is hereby certified that the attached

    Correspondence received by the State Board of Elections from Jonathan Powers

is a true and exact copy of the original document on file in this office.

                    WITNESS my hand and the official seal of the State Board
of Elections at the City of Albany, this 20th day of October,
Two Thousand Eight.

                    KIMBERLY A. GALVIN
                    Special Counsel

80

October 6, 2008

Anna Svizzero
New York State Board of Elections
40 Steuben Street,
Albany, NY 12207

Phone number : 518-473-5086

Dear Ms. Svizzero:

I am writing to inform the New York State Board of Elections that I have accepted employment which requires relocation outside of New York State. The nature of my new employment requires my physical presence in Washington, D.C. and will require same for the foreseeable future. As a result of said employment, I have established new residence and domicile in the District of Columbia. I will not be residing in the state of New York on Election Day. I have registered to vote in Washington DC, at my new address:

Jonathan Powers
2601 Woodley Pl, NW
Apt 101
Washington, DC 20008

Per New York State Election Law, I am no longer a qualified voter in New York State and thereby request that my name be removed from the Working Families Line on the November ballot.

Please find attaching a copy of my District of Columbia Driver's License and new lease for my apartment for your files. If you have any questions, please contact me at your earliest convenience.

Sincerely,

Jon Powers

CC: Stanley Zalen , co-executive director

8|



Date Printed: 10/2/2008

Initial Lease

# Apartment Lease Agreement

### Lease Declarations

### Calvert Woodley

### Smith Property Holdings Three (D.C.) L.P.

Resident Address:
Apt. # 0101
2601 Woodley Pl NW #101
Washington, DC  20008

Resident Name(s):
Jonathan Powers
Erin Murphy

Calvert Woodley
2601 Woodley Pl, NW
Washington, DC   20008

Other Occupant(s):

Lease Term:            12
Lease Begin Date:    10/10/2008
Lease End Date:      10/9/2009

Total Refundable Deposit:      0.00
Total One Time Charges:      650.00
Total Pro-rated Rent:        1,433.55

Monthly Charges



2,020.00          0.00          2,020.00

| | |
|---|---|
| Electricity | OWNER |
| Gas | OWNER |
| Water/Sewer | OWNER |
| Trash | OWNER |

## Agreement and Acceptance

This is a Lease between the above named Resident(s) and the below-named Management for the apartment dwelling described above. It (and any contemporaneously executed additional agreements) is the entire agreement between Resident(s) and Management and may be modified only in writing. As used in this lease, "you" means the resident (tenant) or residents whose names appear above. If there is more than one resident, you are jointly and severally liable for any payments due to us. "We", "our", or "us" means the apartment community. UPON EXECUTION OF THIS LEASE, YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO ALL OF ITS PROVISIONS. It was executed by the Resident(s) and Management on the above "Lease Date". In consideration of the mutual agreements and covenants contained herein, Resident and Management agree as follows:

Accepted By:

_____  10/2/08
Resident            Date

_____  10/2/08
Resident            Date

Management: Calvert Woodley

By: _____
Community Manager

Date _____

October 6, 2008

Stanley Zalen
New York State Board of Elections
40 Steuben Street,
Albany, NY 12207

Phone number : 518-473-5086

Dear Mr. Zalen:

I am writing to inform the New York State Board of Elections that I have accepted employment which requires relocation outside of New York State. The nature of my new employment requires my physical presence in Washington, D.C. and will require same for the foreseeable future. As a result of said employment, I have established new residence and domicile in the District of Columbia. I will not be residing in the state of New York on Election Day. I have registered to vote in Washington DC, at my new address:

Jonathan Powers
2601 Woodley Pl, NW
Apt 101
Washington, DC 20008

Per New York State Election Law, I am no longer a qualified voter in New York State and thereby request that my name be removed from the Working Families Line on the November ballot.

Please find attaching a copy of my District of Columbia Driver's License and new lease for my apartment for your files. If you have any questions, please contact me at your earliest convenience.

Sincerely

Jon Powers

CC: Anna Svizzero

84



Date Printed: 10/2/2008

Initial Lease

# Apartment Lease Agreement

### Lease Declarations

### Calvert Woodley

### Smith Property Holdings Three (D.C.) L.P.

Resident Address:
Apt. # 0101
2601 Woodley Pl NW #101
Washington, DC 20008

Calvert Woodley
2601 Woodley Pl. NW
Washington, DC 20008

Resident Name(s):
Jonathan Powers
Erin Murphy

Other Occupant(s):

| Lease Term: | 12 | Total Refundable Deposit: | 0.00 |
| Lease Begin Date: | 10/10/2008 | Total One Time Charges: | 650.00 |
| Lease End Date: | 10/9/2009 | Total Pro-rated Rent: | 1,433.55 |

**Monthly Charges**



| 2,020.00 | 0.00 | 2,020.00 |

| Electricity | OWNER |
| Gas | OWNER |
| Water/Sewer | OWNER |
| Trash | OWNER |

## Agreement and Acceptance

This is a Lease between the above named Resident(s) and the below-named Management for the apartment dwelling described above. It (and any contemporaneously executed additional agreements) is the entire agreement between Resident(s) and Management and may be modified only in writing. As used in this lease, "you" means the resident (tenant) or residents whose names appear above. If there is more than one resident, you are jointly and severally liable for any payments due to us. "We", "our", or "us" means the apartment community. UPON EXECUTION OF THIS LEASE, YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO ALL OF ITS PROVISIONS. It was executed by the Resident(s) and Management on the above "Lease Date" In consideration of the mutual agreements and covenants contained herein, Resident and Management agree as follows:

Accepted By:

_____   10/2/08
Resident                    Date

_____   10/2/08
Resident                    Date

Management: Calvert Woodley

By: _____
    Community Manager

Date _____

86      Page   1

XTREMELY URGENT   Please Rush To Addressee

home or office at usps.com/pickup

Print postage online - Go to usps.com/post

PLEASE PR

PLEASE PRESS FIRMLY

U.S. POSTAGE
BUFFALO, NY
14221
OCT 31 '08
AMOUNT
$16.50
00093552-10

UNITED STATES
POSTAL SERVICE

Recycled
Paper

EXPRESS®
MAIL
UNITED STATES POSTAL SERVICE

Flat Rate
Mailing Envelope

For Domestic and International Use

Visit us at usps.com

When used International
affix customs declaratio
(PS Form 2976, or 2976

EXPRESS
MAIL
UNITED STATES POSTAL SERVICE ®

DELIVERY (POSTAL USE ONLY)

| Delivery Attempt | Time | | Employee Signature |
|---|---|---|---|
| Mo. Day | | ☐ AM ☐ PM | |
| Delivery Attempt | Time | | Employee Signature |
| Mo. Day | | ☐ AM ☐ PM | |
| Delivery Date | Time | | Employee Signature |
| Mo. Day | | ☐ AM ☐ PM | |

Addressee Copy
Label 11-B, March 2004

Post Office To Addressee

CUSTOMER USE ONLY

TO: (PLEASE PRINT)          PHONE (    )

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES)

FOR INTERNATIONAL DESTINATIONS, WRITE DELIVERY NAME BELOW.

EH413987373US

ORIGIN (POSTAL SERVICE USE ONLY)

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| | Month  Day | |
| Mo. Day Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| | ☐ Noon ☐ 3 PM | $ | $ |
| Time Accepted ☐ AM ☐ PM | Military | Total Postage & Fees |
| | ☐ 2nd Day ☐ 3rd Day | $ |
| Flat Rate ☐ or Weight | Int'l Alpha Country Code | Acceptance Emp. Initials |
| lbs.  ozs. | | |

FROM: (PLEASE PRINT)          PHONE (    )

FOR PICKUP OR TRACKING
Visit WWW.USPS.COM

PRESS HARD. YOU ARE MAKING 3 COPIES.

Cradle to Cradle Certification
is awarded to products that
pursue an innovative vision of
ecologically-intelligent design
that eliminates the concept
of waste.
This USPS' packaging has been
certified for its material content,
recyclability and manufacturing
characteristics.

Please recycle.

87

# EXHIBIT B

October 8, 2008

BO~ ~~~~~~~~

2008 OCT 15  AM 9: 22

Anna Svizzero
New York State Board of Elections
40 Steuben Street,
Albany, NY 12207

Phone number: 518-473-5086

Dear Ms. Svizzero:

I am writing to inform the New York State Board of Elections that I have accepted employment which requires relocation outside of New York State.

The nature of my new employment requires my physical presence in Washington, D.C. and will require same for the foreseeable future. As a result of said employment, I have established new residence and domicile in the District of Columbia. I am not now an inhabitant of the state of New York; I will not be an inhabitant of the State of New York on Election Day; I will not be an inhabitant of the State of New York on January 1, 2009.

I have registered to vote in Washington DC, at my new address:

Jonathan Powers
2601 Woodley Pl, NW
Apt 101
Washington, DC 20008

Per New York State Election Law, I am no longer a qualified voter in New York State and thereby request that my name be removed from the Working Families Line on the November ballot.

Please find attaching a copy of my District of Columbia Driver's License and new lease for my apartment for your files. If you have any questions, please contact me at your earliest convenience.

Sincerely,

Jon Powers

Sworn to me this 10th
day of October, 2008

Connie L Mackiewicz
Notary Public

CC: Stanley Zalen , co-executive director

CONNIE L. MACKIEWICZ
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JUNE 5, 20 10

95



Date Printed:  10/2/2008

Initial Lease

# Apartment Lease Agreement

### Lease Declarations

### Calvert Woodley

### Smith Property Holdings Three (D.C.) L.P.

Resident Address:
Apt. # 0101
2601 Woodley Pl NW #101
Washington, DC  20008

Resident Name(s):
Jonathan Powers
Erin Murphy

Calvert Woodley
2601 Woodley Pl. NW
Washington, DC    20008

Other Occupant(s):

| | | |
|---|---|---|
| Lease Term: | 12 | |
| Lease Begin Date: | 10/10/2008 | |
| Lease End Date: | 10/9/2009 | |

| | |
|---|---|
| Total Refundable Deposit: | 0.00 |
| Total One Time Charges: | 650.00 |
| Total Pro-rated Rent: | 1,433.55 |

**Monthly Charges**



| | | |
|---|---|---|
| 2,020.00 | 0.00 | 2,020.00 |

| | |
|---|---|
| Electricity | OWNER |
| Gas | OWNER |
| Water/Sewer | OWNER |
| Trash | OWNER |

## Agreement and Acceptance

This is a Lease between the above named Resident(s) and the below-named Management for the apartment dwelling described above. It (and any
contemporaneously executed additional agreements) is the entire agreement between Resident(s) and Management and may be modified only in writing
As used in this lease, "you" means the resident (tenant) or residents whose names appear above. If there is more than one resident, you are jointly and
severally liable for any payments due to us. "We", "our", or "us" means the apartment community. UPON EXECUTION OF THIS LEASE, YOU ACKNOWLEDGE
THAT YOU HAVE READ AND AGREE TO ALL OF ITS PROVISIONS. It was executed by the Resident(s) and Management on the above "Lease Date"
In consideration of the mutual agreements and covenants contained herein, Resident and Management agree as follows:

Accepted By:

_____    10/2/08
Resident                              Date

_____    10/3/08
Resident                              Date

Management: Calvert Woodley

By: _____
       Community Manager

Date _____



BUFFALO NY 142

10 OCT 2003. PM 1 T

Powers for Congress
Po Box 46
Williansville NY
14231

98

Anna Svizzero
NYS Board of Elections
40 Steuben St
Albany, NY
12207

12207+2104

EXHIBIT C

**WORKING FAMILIES PARTY**
**CERTIFICATE OF NOMINATION AND AUTHORIZATION**
**TO FILL A VACANCY DUE TO DISQUALIFICATION**
**(Section 6-148, 6-120 of the New York State Election Law)**

WHEREAS, there exists a vacancy in the designation/nomination for the office of Representative in Congress in the 26th Congressional District, State of New York by the Working Families Party caused by the disqualification of Jonathan P. Powers.

THEREFORE, WE, Daniel Cantor and Alexander Rabb, the undersigned, do hereby certify that at a meeting of the Executive Committee of the State Committee of the Working Families Party, duly convened and held on the 10th day of October, 2008, a quorum of said Committee being present, said Committee did nominate and consent to and authorize the nomination of the following person to fill the above mentioned vacancy, pursuant to Sections 6-148 and 6-120 of the New York State Election Law and the Rules of the Working Families Party of New York State:

Name of new candidate:     Alice Kryzan

Place of residence          7 Cloister Court

                              Amherst, NY 14226

We do further certify that Daniel Cantor was the Presiding Officer at said meeting and that Alexander Rabb was the Secretary thereof.

Date: OCTOBER 10, 2008

_____
Daniel Cantor, Presiding Officer

_____
Alexander Rabb, Secretary

**STATE OF NEW YORK**    )
                           ) ss.:
**COUNTY OF KINGS**      )

On the 10th day of October in the year 2008 before me, the undersigned, personally appeared Daniel Cantor and Alexander Rabb, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

_____
COMMISSIONER OF DEEDS
CERTIFIED IN THE CITY OF NEW YORK
NUMBER 2-10450
EXPIRATION DATE JULY 30, 2009

58-000 - Kryzan Substitution

100

## AFFIDAVIT

We, Daniel Cantor and Alexander Rabb, the undersigned, hereby affirm that we were the Presiding Officer and Secretary, respectively, of the meeting of the Executive Committee of the State Committee of the Working Families Party of New York State referred to in the above certificate and that the statements in such certificate are true.

_____
Daniel Cantor, Presiding Officer

_____
Alexander Rabb, Secretary

Sworn to before me this
10th day of October, 2008

_____
NOTARY PUBLIC

COMMISSIONER OF DEEDS
CERTIFIES IN THE CITY OF NEW YORK
NUMBER 2-10450
EXPIRATION DATE JULY 30, 2009

58-000 Kryzan Substitution

2

101

# EXHIBIT D



James A. Walsh
Co-Chair

Gregory P. Peterson
Commissioner

Todd D. Valentine
Co-Executive Director

**40 STEUBEN STREET**
**ALBANY, N.Y. 12207-2108**
Phone: 518/474-6220
www.elections.state.ny.us

Douglas A. Kellner
Co-Chair

Evelyn J. Aquila
Commissioner

Stanley L. Zalen
Co-Executive Director

October 17, 2008

Mr. Jonathan Powers
2601 Woodley Pl., NW
Apt. 101
Washington, DC 20008

Dear Mr. Powers:

The State Board is in receipt of your letter in which you attempt to disqualify yourself as a candidate of the Working Families Party for the Office of Representative In Congress from New York's 26th Congressional District. There is not a unanimous opinion that a vacancy exists based upon your notice of disqualification.

This situation does not permit the State Board to amend the ballot certification as originally provided to the county boards of elections in the 26th Congressional District. Nor does it permit us to consider the Working Families Party Certificate of Nomination and Authorization to fill a vacancy due to disqualification.

Sincerely,

Stanley L. Zalen
Co-Executive Director

36

# EXHIBIT E

STATE OF NEW YORK
SUPREME COURT                    COUNTY OF ALBANY

In the Matter of the Application of:

ALICE KRYZAN, JON POWERS, DANIEL CANTOR
and SAM WILLIAMS,

                        Petitioners,

-against-                                          **DECISION AND ORDER**

                                                   Index No.: 8654-08
                                                   RJI No.: 01-08-094772

NEW YORK STATE BOARD OF ELECTIONS, by JAMES
A. WALSH, DOUGLAS A. KELLNER, EVELYN J.
AQUILA and GREGORY P. PETERSON, COMMISSIONERS
OF THE NEW YORK STATE BOARD OF ELECTIONS,

                        Respondents,

     -and-

CHRISTOPHER J. LEE,

                        Respondent-Candidate.

For an Order Pursuant to Section 16-102 of the
New York State Election Law.

_____

(Supreme Court, Albany County, Special Term, October 24, 2008)

(Justice Kimberly A. O'Connor, Presiding)

APPEARANCES:                    FRANK G. HOARE, ESQ.
                                Attorney for Petitioners
                                99 Pine Street
                                Albany, New York 12207

                                JOHN CIAMPOLI, ESQ.
                                Attorney for Respondent-Candidate
                                677 Broadway, Suite 202
                                Albany, New York 12207

KIMBERLY A. GALVIN, ESQ.
Attorney for Respondent
New York State Board of Elections
40 Steuben Street
Albany, New York 12207

O'CONNOR, J.:

By Order to Show Cause (Teresi, J.), dated October 17, 2008, petitioners commenced the instant proceeding pursuant to Section 16-102 of the Election Law seeking an order, *inter alia*: (1) declaring that the letter received by the New York State Board of Elections ("Board of Elections") from petitioner Jon Powers ("Powers"), indicating that he is no longer qualified to be the designated/nominated candidate of the Working Families Party ("WFP") for the public office of Representative in the United States Congress, 26th Congressional District, State of New York, is in all respects valid; (2) declaring that a vacancy exists in the designation/nomination of the Working Families Party for the public office of Representative in the United States Congress, 26th Congressional District, State of New York by reason of the disqualification of petitioner Powers; (3) declaring that the Certificate of Nomination and Authorization filed on behalf of the Working Families Party and the accompanying Consent by Substituted Candidate, designating and nominating petitioner Alice Kryzan ("Kryzan"), are valid in all respects; and (4) declaring that the respondent Board of Elections certify petitioner Kryzan as the candidate of the Working Families Party for the public office of Representative in the United States Congress, 26th Congressional District, State of New York.

Respondent New York State Board of Elections has appeared in this proceeding and filed an Answer, dated October 20, 2008. Respondent-candidate Christopher J. Lee has moved to dismiss the action pursuant to CPLR 3211(a)(1), (a)(7), and (a)(10) on the grounds that: (1) petitioners have failed to join necessary parties; (2) the petition fails to state a cause of action; and (3) the proceeding

2

is time-barred. Petitioners oppose the motion. Respondent Board of Elections takes no position with respect to the motion.

This proceeding involves a purported vacancy in the designation/nomination of the candidate of the Working Families Party for the public office of Representative in the United States Congress, 26th Congressional District, State of New York. On or about July 9, 2008, petitioner Jon Powers was designated by the Working Families Party as its candidate for nomination for the public office of Representative in the United States Congress, 26th Congressional District, State of New York in the primary election held on September 9, 2008. On September 29, 2008, respondent Board of Elections certified the ballot for the 26th Congressional District, setting forth Powers as the designee/nominee of the WFP.

By letter dated October 8, 2008, Powers notified the Board of Elections that he had relocated outside of New York State, established a new residence and domicile in the District of Columbia as the result of new employment, and is not now and will not be an inhabitant of the State of New York on Election Day, on January 1, 2009, or in the foreseeable future. Powers also indicated that he had registered to vote in Washington, D.C., is no longer a qualified voter under the New York State Election Law, and requested that the Board of Elections remove his name from the Working Families line on the ballot for the general election to be held on November 4, 2008. Appended to his letter were copies of his District of Columbia driver's license and a lease for his new apartment in Washington, D.C.

On October 10, 2008, the executive committee of the WFP convened and held a meeting to fill the purported vacancy caused by the alleged disqualification of Powers. At the meeting, a quorum of the committee nominated petitioner Alice Kryzan to fill the vacancy. Kryzan accepted the designation/nomination of the WFP for the public office of Representative in the United States

3

Congress, 26th Congressional District, State of New York, and consented to be the substituted candidate of the WFP at the general election to be held on November 4, 2008. On October 14, 2008, the Certificate of Nomination and Authorization to fill a vacancy due to disqualification and Consent by Substituted Candidate were filed with the New York State Board of Elections. By letter, dated October 17, 2008, Co-Executive Director of the Board of Elections, Stanley L. Zalen ("Zalen"), acknowledged the Board's receipt of Powers' letter in which he "attempt[ed] to disqualify [himself] as a candidate of the Working Families Party for the Office of Representative [i]n Congress from New York's 26th Congressional District." In the letter, Zalen stated that "there is not a unanimous opinion that a vacancy exists based upon [Powers'] notice of disqualification." Zalen further stated that "[t]his situation does not permit the State Board to amend the ballot certification as originally provided to the county boards of elections in the 26th Congressional District. Nor does it permit [the Board] to consider the Working Families Party Certificate of Nomination and Authorization to fill a vacancy due to disqualification." This proceeding followed.

On the day this proceeding commenced, general and specific objections to the WFP's Certificate of Nomination and Authorization, designating Kryzan as candidate for the office of Representative in the United States Congress, 26th Congressional District, State of New York, were mailed to the Board of Elections. The objections were served upon petitioner Kryzan on October 17, 2008, and filed with the Board of Elections. The parties appeared for oral argument on October 24, 2008 before this Court. At the time of oral argument, a hearing on the objections had not yet been scheduled by the Board of Elections.[1]

Petitioners contend that Powers properly and appropriately notified the Board of Elections

---

[1] It should be noted that the Board of Elections represented at oral argument that the next regularly scheduled meeting of the Board would not occur until after Election Day.

that he is not eligible for election to the public office of Representative in the United States Congress, 26th Congressional District, State of New York as he is not a resident of the State of New York as required by the New York Public Officers Law. Petitioners also argue that the nomination of Kryzan by the WFP to fill the vacancy caused by Powers' disqualification and Kryzan's acceptance of the designation/nomination were proper in all respects and in accordance with New York State Election Law. As such, petitioners aver that the Board of Elections must recertify the ballot for the public office of Representative in the United States Congress, 26th Congressional District, State of New York to set forth Alice Kryzan as the candidate of the WFP and give notice and appropriate instruction for the preparation of the ballot to the respective commissioners of elections in Erie, Niagara, Monroe, Orleans, Wyoming, Livingston, and Genesee counties.

In support of his motion, respondent-candidate Christopher J. Lee ("Lee") argues that the objectors to the Certificate of Nomination and Authorization, namely Donald Scott McCulloch, Barbara Lupica, Robert J. Matthews, Emily C. Wittlinger, Dorothy J. Merrill, and Daralee McCulloch, are necessary parties to this proceeding, and that petitioners' failure to join these objectors in this action is a jurisdictional defect, requiring dismissal of the petition. Respondent-candidate Lee also argues that no vacancy exists in the nomination for the public office of Representative in the United States Congress, 26th Congressional District, State of New York. According to Lee, Article I, § 2 of the United States Constitution is controlling, and petitioners have not established that Powers in not qualified to hold office pursuant to such provision. Finally, Lee asserts that a challenge to Powers' qualification is time-barred.

### Timeliness of the Petition

A proceeding to have a candidate removed from the ballot for an alleged failure to comply with a requirement of Article 6 of the Election Law constitutes a challenge or contest to the

5

designation or nomination of such candidate for public office, which must be brought pursuant to Election Law § 16-102(1) and is subject to the time requirements of Election Law § 16-102(2) (*see Matter of Scaringe v. Ackerman*, 119 A.D.2d 327, 328-329 [3d Dep't 1983]). Since petitioners have brought this proceeding seeking, *inter alia*, to remove Powers' name from the ballot as the WFP candidate for the office of Representative in Congress, 26th Congressional District, Election Law §16-102(1) applies and petitioners are subject to the fourteen-day period of limitations set forth in § 16-102(2) (*see Matter of Scaringe v. Ackerman*, 119 A.D.2d at 329).

Petitioners aver that the petition is timely because it was filed the same day that the Board of Elections notified Powers that there was no agreement by the Board that a vacancy existed. Election Law § 16-102(2) states, in pertinent part, that "[a] proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later." Petitioners appear to be relying on the provision of this section which relates to the three-day time limitation for instituting a proceeding to challenge or contest a determination invalidating a petition. Such reliance is clearly misplaced inasmuch as the Board of Elections did not make a determination invalidating the petition designating/nominating Powers for the public office of Representative in the United States Congress, 26th Congressional District, State of New York, and the Board's statement that "there is not a unanimous opinion that a vacancy exists" in such public office cannot, by any reading of the record before the Court, be construed as such.

Under these circumstances and in light of petitioners' failure to commence the instant proceeding to challenge Powers' qualifications as the WFP's candidate for New York's 26th Congressional District Representative in Congress within the fourteen-day time limit prescribed by

6

Election Law § 16-102(2), the motion to dismiss the instant petition must be granted (see Matter of

Scaringe v. Ackerman, supra at 330).

### Failure to Join Necessary Parties

Pursuant to CPLR 1001(a), necessary parties are "those [persons] who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (*Matter of Sahler v. Callahan*, 92 A.D.2d 976, 977 [3d Dep't 1983]). It has been determined that "[a] failure to join a necessary party to an election law proceeding requires dismissal of a petition" (*Matter of Quis v. Putnam County Bd. of Elections*, 22 A.D.2d 585, 586 [2d Dep't 2005] [citation omitted]). Respondent-candidate Lee argues that a failure to name and join the objectors in this proceeding renders the petition defective, warranting dismissal. Petitioners contend that the objectors had not filed their general and specific objections at the time this action was commenced and, therefore were unknown to them. Petitioners further argue that the general and specific objections are time-barred pursuant to Election Law § 6-154(2) as they were not filed with the Board of Elections until October 20, 2008, more than three days after the filing of the Certificate of Nomination and Authorization and accompanying Consent by Substituted Candidate.

At oral argument, respondent-candidate Lee argued that general and specific objections are deemed timely filed upon mailing, which was confirmed by the Board of Elections. Furthermore, the Board introduced into evidence at the argument a copy of the general and specific objections together with proof that the objections were served upon petitioner Kryzan and mailed to the Board by certified mail on October 17, 2008. Based upon this documentary evidence considered together with the statements of the Board of Elections at argument, the Court finds that the general and specific objections of Donald Scott McCulloch, Barbara Lupica, Robert J. Matthews, Emily C.

7

Wittlinger, Dorothy J. Merrill, and Daralee McCulloch were timely filed.

The Court further finds that objectors McCulloch, Lupica, Matthews, Wittlinger, Merrill, and McCulloch are necessary parties and should have been joined in this action (*see Butler v. Hayduk*, 37 N.Y.2d 497, 498 [1975] [holding that "[a]n objector to a candidate's designating petition is an indispensable party to the proceedings"]; *see also Fusco v. Westchester County Bd. of Elections*, 286 A.D.2d 456, 456-457 [2d Dep't 2001]).  Inasmuch as the limitations period applicable to this proceeding has expired, such objectors may not now be joined as parties (*see Fagelson v. McGowan*, 301 A.D.2d 652, 652-653 [2d Dep't 2003] [citations omitted]; *Matter of Sahler v. Callahan*, 92 A.D.2d 976, 977 [3d Dep't 1983]; *Matter of Buckley v. Bd. of Elections of Livingston County*, 265 A.D.2d 866, 867 [4th Dep't 1999]; *Matter of Jenkins v. Bd. of Elections of City of New York*, 270 A.D.2d 436, 437 [2d Dep't 2000]).  Moreover, "[t]heir nonjoinder may not be excused as they are not necessarily adequately represented by the parties who were properly joined (*see* CPLR 1001 [b]; *Matter of Butler v Hayduk, supra* at 499; *Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465" (*Matter of Fagelson v. McGowan*, 301 A.D.2d at 653).  For these reasons, the petition must be dismissed.

### Failure to State a Cause of Action

Even if the Court were to reach the merits of the instant petition, petitioners have failed to state a cause of action upon which relief could be granted as their argument that a vacancy has been created in the designation/nomination of the candidate of the Working Families Party for the public office of Representative in the United States Congress, 26th Congressional District, State of New York is speculative.  The United States Constitution sets forth the qualifications for a member of the

House of Representatives. Specifically, Article I, § 2 of the Constitution states:

> No person shall be a Representative who shall not have attained to the age of twenty five years, and been seven years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state in which he [or she] shall be chosen.

"The plain language of the inhabitancy requirement of [Article I, § 2] shows that a candidate for the House of Representatives *must only be an inhabitant of the state 'when elected'*" (*Texas Democratic Party v. Benkiser*, 459 F.3d 582, 589 [5th Cir. 2006] [emphasis added]).   The inhabitancy requirement of Article I, § 2 relates to the time of the election of a candidate to the office; it does not impose any specific or pre-election residency requirements.

Petitioners aver that they seek to adhere to the constitutional inhabitancy requirement, but argue that such requirement, when read in conjunction with the New York Public Officers Law, clearly requires that a candidate must live in the State of New York to be qualified to hold the public office of Representative in Congress, 26th Congressional District. This Court disagrees. Construing New York Public Officers Law to permit disqualification of a candidate based upon residency in another state or inhabitancy prior to the time "when elected," thus imposing a pre-election residency requirement upon this office, would have the effect of altering Article I, § 2 of the United States Constitution and is unconstitutional (*see Texas Democratic Party v. Benkiser*, 459 F.3d at 589; *cf. Matter of Justice v. Gamache*, 45 A.D.3d 508, 510 [2d Dep't 2007]).

Since "when elected" has not yet occurred, it is impossible for this Court to determine at this time whether petitioner Powers is qualified to hold the office. Furthermore, while "[p]roof of [his] present residency may *suggest* where he will be in the future . . . it does not put the matter beyond

dispute or question" (*see Texas Democratic Party v. Benkiser, supra* at 592 [emphasis in original]). Moreover, the fact that Powers has no interest in remaining a candidate does not speak to whether he remains qualified to do so under Article I, § 2 of the United States Constitution (*see id.* at 590). Finally, as respondent correctly points out, it is possible that Powers will return to New York State prior to the time "when elected" and, thus, could be qualified to hold the office. As such, petitioners are unable to state a cause of action, and the petition must be dismissed.

In conclusion, the Court notes that petitioner Powers has placed the Working Families Party in the position of having an absentee candidate on the ballot for the election that is set to occur in just a few days; however, upon his nomination, Powers accepted the nomination. He did not decline the nomination, nor were there any challenges to his nomination. The time for such challenges has long passed and Powers has remained the candidate of the Working Families Party. While Powers has chosen employment that currently has him working outside of the State of New York, the law does not provide for a mechanism to have his name taken off of the ballot at this late date; nor does it require his nomination to be considered void. He has chosen to take the action he has taken at a time when ballots have been printed, some absentee votes have been cast, and the election is just a few short days away. While it is possible that Powers could be elected to an office that he may or may not be able to assume, that is not for the Court to say at this time and the provisions of the United States Constitution that set forth the qualifications for a member of the House of Representatives do not mandate a different result.

Any remaining contentions raised by the parties have been considered and found to be without merit or need not be reached in light of the foregoing determination.

Accordingly, it is hereby

ORDERED, that respondent-candidate Christopher J. Lee's motion to dismiss is granted; and it is further

ORDERED, that the instant petition is dismissed.

This memorandum shall constitute the Decision and Order of the Court. All papers, including this Decision and Order, are being returned to the attorney for the respondent-candidate. The signing of this Decision and Order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that rule relating to filing, entry, and notice of entry.

SO ORDERED.

ENTER.

Dated: October 27, 2008
      Albany, New York

HON. KIMBERLY A. O'CONNOR
Acting Supreme Court Justice

Papers Considered:

1. Order to Show Cause (Teresi, J.), dated October 17, 2008;
2. Verified Petition, undated, with Exhibits A-D annexed;
3. Respondents' Verified Answer, dated October 20, 2008;
4. Notice of Motion, dated October 22, 2008;
5. Affirmation of John Ciampoli, Esq., dated October 22, 2008, with Exhibit A annexed;
6. Petitioners' Affirmation in Opposition, dated October 23, 2008, with Exhibit A annexed;
7. Exhibit 1, in evidence by stipulation at oral argument on October 24, 2008.

11

**EXHIBIT F**

*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2008                    505674

In the Matter of ALICE KRYZAN
  et al.,
                     Appellants,

        v

NEW YORK STATE BOARD OF
  ELECTIONS,                                MEMORANDUM AND ORDER
                     Respondent,

        and

CHRISTOPHER J. LEE,
                     Respondent.

Calendar Date:  October 30, 2008

Before:  Cardona, P.J., Peters, Spain, Malone Jr. and
         Kavanagh, JJ.

Featherstonhaugh, Wiley & Clyne, L.L.P., Albany (Frank G.
Hoare of counsel), for appellants.

        John Ciampoli, Albany, for Christopher J. Lee, respondent.

Per Curiam.

        (1) Motion by petitioners to vacate an order of this Court,
entered October 29, 2008 (___ AD3d ___, 2008 NY Slip Op 08200),
which dismissed petitioners' appeal from an order of the Supreme
Court, Albany County, dated October 27, 2008, and (2) appeal from
an order of the Supreme Court (O'Connor, J.), entered October 30,
2008 in Albany County, which, in a proceeding pursuant to
Election Law § 16-102, granted the motion of respondent
Christopher J. Lee to dismiss the petition.

Case 1:08-cv-00810-RJA   Document 1   Filed 10/31/08   Page 48 of 52

-2-                    505674

        In late September 2008, respondent New York State Board of
Elections certified the ballot listing, among other candidates,
petitioner Jon Powers as the Working Families Party (hereinafter
WFP) candidate for the public office of Member of the US House of
Representatives for the 26th Congressional District in the
November 4, 2008 general election. Less than two weeks after
such certification, Powers notified the Board that he had
established permanent residence and domicile outside of New York
State and requested that his name be removed as the WFP candidate
for Congress due to his disqualification for said office. Within
a week of such notification, on October 14, 2008, the WFP timely
filed with the Board a certificate of nomination and
authorization naming petitioner Alice Kryzan to fill the vacancy
caused by Powers's purported disqualification (see Election Law
§ 6-158 [8]). By letter to Powers dated October 17, 2008, the
Board indicated that it had not reached a "unanimous opinion" as
to whether a vacancy existed due to Powers's alleged
disqualification. Accordingly, the Board indicated that it was
unable to amend the ballot certification and declined to consider
the WFP's certificate of nomination and authorization naming
Kryzan. Petitioners then commenced this proceeding by order to
show cause and petition dated that same day.

        Following joinder of issue by the Board, respondent
Christopher J. Lee moved to dismiss the petition. By order dated
October 27, 2008, Supreme Court granted the motion, concluding
that the proceeding was time-barred, that necessary parties had
not been joined and that petitioners had failed to state a cause
of action. Petitioners filed a notice of appeal from such order
on October 28, 2008 but, on October 29, 2008, this Court
dismissed the appeal without prejudice, upon Lee's motion and
upon the ground that the order appealed from had not yet been
entered (___ AD3d ___, 2008 NY Slip Op 08200 [Oct. 29, 2008]).
Upon their submission on October 30, 2008 of a notice of entry of
Supreme Court's order, petitioners now move this Court to vacate
its October 29, 2008 order and consider the merits of the appeal.

        Petitioners' motion to vacate is granted. This Court has
the inherent authority, as well as the statutory power (see CPLR
5015 [a]), to vacate its own orders "for sufficient reason, in

-3-                              505674

the furtherance of justice" (McMahon v City of New York, 105 AD2d
101, 105 [1984]; see Ladd v Stevenson, 112 NY 325, 332 [1889];
Maiello v Chrysler Corp., 150 AD2d 849, 849 [1989], lv dismissed
74 NY2d 945 [1989]; Siegel, Practice Commentaries, McKinney's
Cons Laws of NY, Book 7B, CPLR C5015:11, at 223). Here, had
either party entered the order in question in advance of
petitioners' appeal (see CPLR 5513 [a]; 5515 [1]), we would not
have been constrained to dismiss this appeal in the first
instance. Now that a duly entered order is before us, however,
and mindful that voting machines must be legally correct in four
days, we may exercise our discretionary authority to treat the
previously filed notice of appeal as merely premature and, in the
interest of justice, deem such appeal valid (see CPLR 5520 [c];
see e.g. Matter of Lautenschuetz v AP Greene Indus., Inc., 48
AD3d 948, 949 n 1 [2008]). Accordingly, given the constrained
time frame in which this proceeding necessarily arises and in
light of "our strong preference for deciding cases on their
merits" (Wade v Village of Whitehall, 46 AD3d 1302, 1303 [2007]),
we grant petitioners' motion to vacate the October 29, 2008 order
of this Court and deem the notice of appeal dated October 28,
2008 to be valid nunc pro tunc (see CPLR 5520 [c]; Herring v City
of Syracuse, 63 AD2d 833 [1978]).

Turning to the merits of the appeal, Supreme Court first
concluded that the instant proceeding was time-barred. We note
that Election Law § 6-148 sets forth the applicable procedure
where a vacancy is allegedly created by, among other things, the
disqualification of a candidate. Specifically, the statute
provides that such vacancy "may be filled by the making and
filing of a certificate, setting forth the fact and cause of the
vacancy, the title of the office, the name of the original
candidate, if any, and the name and address of the candidate
newly designated or nominated" (Election Law § 6-148 [1]).
Further, the statute dictates that where, as here, a vacancy
occurs in a nomination determined after a primary (see generally
Election Law § 6-110), such vacancy is to be filled by a
committee of the party in question (see Election Law § 6-148
[3]). Accordingly, insofar as this matter concerns a "meeting of
a party committee," petitioners had 10 days after "the filing of
the certificate of nomination[] made at such . . . meeting of a
party committee" within which to commence the instant proceeding

-4-                        505674

(compare Matter of Stampf v Hill, 218 AD2d 919, 920 [1995]).
Inasmuch as this proceeding was commenced a mere three days after
the certificate nominating Kryzan was filed, Supreme Court erred
in concluding that it was time-barred.

Supreme Court also erred in concluding that dismissal of
the petition was warranted due to the failure to join
indispensable parties, i.e., certain voter-objectors to the WFP's
certificate of nomination and authorization naming Kryzan (see
generally CPLR 1001). Initially, we note that such objections
were mailed to Kryzan on the very day this proceeding was
commenced — a Friday — and were not registered with the Board
until the following Monday.[1] In our view, to require petitioners
to join objectors who were unknown to them at the time that this
proceeding was commenced is to impose an unreasonable level of
prescience upon them. Regardless, inasmuch as Lee, a named
respondent, has raised the very same issue in opposition to the
petition as was voiced by the objectors before the Board, it
cannot be said that the interests of the objectors are not
adequately represented by those parties already joined (see
Matter of Venne v Sanford, 25 AD3d 1007, 1008 [2006]; Matter of
Doner v Comptroller of State of N.Y., 262 AD2d 750, 750-751
[1999]; Matter of Awad v State Educ. Dept. of N.Y., 240 AD2d 923,
925 [1997]).

    Finally, as to the merits of the petition, petitioners
request a declaration (1) that, due to Powers's purported
disqualification, a vacancy exists in the WFP's nomination for
the office in question, and (2) that the certificate of
nomination and authorization filed with the Board naming Kryzan
as the WFP candidate is valid. On the first point, it is settled
that "a nominated candidate who seeks to disqualify himself or
herself must present a legal basis for doing so" (Matter of
Justice v Gamache, 45 AD3d 508, 510 [2007]). It is equally well
established that "[o]ne such basis may be that the candidate will
not satisfy the residency requirement at the time of the general
election" (id. at 510; see Election Law § 6-122; Public Officers

--------

[1] So far as the record reflects, such objections have not
yet been passed upon by the Board.

-5-                              505674

Law § 3 [1]; Matter of Keith v King, 220 AD2d 471, 472 [1995];
Matter of Clark v McCoy, 196 AD2d 607, 607 [1993]). Here, in the
absence of evidence to the contrary, Powers's letters to the
Board and his concomitant submission of an out-of-state driver's
license and lease agreement conclusively establish his intention
to establish residency outside of this state (see Election Law
§ 1-104 [22]; Matter of Hosley v Curry, 85 NY2d 447, 451-452
[1995]; Matter of Justice v Gamache, 45 AD3d at 510; Matter of
Gresser, 136 NYS2d 468, 470 [1954]; cf. Matter of Larkin v
Herbert, 185 AD2d 607, 608 [1992]) and, therefore, his
disqualification for the office in question (see Matter of
Justice v Gamache, 45 AD3d at 510).

       Nonetheless, Supreme Court concluded that dismissal of the
proceeding was compelled by Texas Democratic Party v Benkiser
(459 F3d 582 [5th Cir 2006]). In Benkiser, the Fifth Circuit
Court of Appeals determined that a Texas statute imposing a
preelection residency requirement upon candidates for Congress
violated the Qualifications Clause of the US Constitution (see US
Const, art I, § 2 [2]) since it imposed an inhabitancy
requirement over and above that required by the Clause itself
(Texas Democratic Party v Benkiser, 459 F3d at 589-590).
Notably, however, we are not bound by the determination of the
5th Circuit (see generally People v Kin Kan, 78 NY2d 54, 59-60
[1991]), particularly with respect to its determination regarding
the constitutionality of a Texas statute that is merely analogous
– but not identical – to the statutory scheme of this state.   To
that end, we need only note that "the only requirement" imposed
by this state's Election Law "is that the candidate be a resident
at the time of the election" (Matter of Clark v McCoy, 196 AD2d
at 607; see Election Law § 6-122; Public Officers Law § 3 [1];
Matter of Weidman v Starkweather, 80 NY2d 955, 956 [1992]; Matter
of Lindgren, 232 NY 59, 64 [1921]; Matter of Keith v Kim, 220
AD2d at 472). Accordingly, it cannot be said that this state's
statutory provisions run afoul of the Qualifications Clause.

       Given that a vacancy was created by Powers's
disqualification, the Board was obliged to accept the WFP's
certificate of nomination and authorization naming Kryzan in the
absence of irregularities on the face of the certificate (see 50
NY Jur 2d Elections § 365). Inasmuch as the record reflects, and

                              -6-                      505674

the parties do not dispute, that the certificate complied in
every respect with the applicable statute (see Election Law
§ 6-148; compare Matter of Justice v Gamache, 45 AD3d at 511),
the Board was duty bound to accept it.

        Cardona, P.J., Peters, Spain. Malone Jr. and Kavanagh, JJ.,
concur.


        ORDERED that petitioners' motion to vacate the October 29,
2008 order of this Court (___ AD3d ___, 2008 NY Slip Op 08200) is
granted, without costs.

        ORDERED that the order of the Supreme Court entered October
30, 2008 is reversed, on the law, without costs, petition granted
and respondent New York State Board of Elections is directed to
place petitioner Alice Kryzan's name on the ballot as the Working
Families Party candidate for the public office of Member of the
US House of Representatives for the 26th Congressional District
in the November 4, 2008 general election.


                              ENTER:



                              Michael J. Novack
                              Clerk of the Court